## R. P. MAIN v. MARY CARTER.

Husband and Wife—Feme Sole—Feme Trader—Husband"s Agent, Proceedings—Necessary Parties.

Where a husband permits his wife to hold herself out as a Feme Trader when in fact she is not such trader, the property made out of the commerce she was pursuing legally belongs to her husband. She will be regarded as his agent and her obligations and liabilities thus made are binding on him. The husband is necessary to a proceeding to enforce her contract.

APPEAL FROM JEFFERSON CIRCUIT COURT. CHANCERY DIVISION.

February 23, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee having held herself out to the community either as a *feme sole* or *feme trader* by having her name over her estate when she sold in open market and also keeping a boarding house in her own name all of which must have been done by the consent of her husband, and the community generally, especially the appellant and his assignor not knowing that she had a husband, she having contracted this debt and executed a mortgage on personal property without disclosing that she was a married woman, especially for such articles as were necessities, to permit her to plead her coverture in bar to a proceeding to forclose the mortgage would be to enable her to perpetuate and perfect a fraud. If the mortgaged property was her separate estate then her allegation would be binding. If it was property made out of the commerce she was pursuing, and she had not taken the proper steps under our statute to become a feme trader it legally belonged to the husband and as he permitted her thus publically to act she so far must be regarded as his agent and her obligations liabilities of his. If she was legally a feme trader then the property was liable for debts incurred by her as such.

But if it was none of these and her general estate, still it is not within the purview of our statute, but liable because she and

her husband both holding her out publicly as a feme trader she should not then be permitted to plead the coverture. The husband however, was a necessary party to the suit and when she disclosed him the court should have ruled the plaintiff to make him a party, still the absolute dismissal of the petition was erroneous and the judgment is reversed.

*Brown,* for appellant.

*Joseph A. B. Turniss,* for appellee.